Okey, J.
There was no error in the refusal to charge. Perhaps the issue did not necessarily involve the question whether a crime had been committed, but that is immaterial; for, while in the criminal prosecution it would be necessary to prove an unlawful assault and battery beyond a reasonable doubt (Fuller v. The State, 12 Ohio St. 433), I have found no case in which it was even claimed that the ■same rule applied in the civil action. The request to charge was doubtless based on the general language in Strader v. Mullane, 17 Ohio St. 624. The difference between this case and Lyon v. Fleahmann, a,nte, 151, is that here the •criminal offense and the right of civil action exist, not by statute merely, but at common law; yet, as to the question here involved, they ai’e in principle the same. In Elliott v. Van Buren, 33 Mich. 49 (1875), the action was for an assault and battery with intent to ravish; but the court held it was not necessary to prove .the charge otherwise than by .a preppnderance of evidence, and so we hold here.
2. The verdict was, substantially, a finding of the issues in favor of the plaintiff. Markward v. Doriat, 21 Ohio St. 637.

Motion overruled.